The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Mavretic. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the initial hearing and in a Pre-Trial Agreement dated January 6, 1994 as:
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. The carrier on the risk at all times relevant was Wausau Insurance Company.
4. Plaintiff's average weekly wage was $391.44, yielding a compensation rate of $260.97, as computed from stipulated Industrial Commission Form 22 dated July 24, 1992.
5. The medical records for the plaintiff were stipulated into evidence.
6. Industrial Commission Form 19 dated July 7, 1992 was stipulated into evidence.
7. The depositions of Dr. A. Tyson Jennette, Dr. E. O. Marsigli, Dr. James M. Hood, Dr. Nelson T. Macedo, and Carolyn Schunck, a former employee of Mohasco Corporation are received into evidence. The objections raised by counsel at the depositions are ruled upon in accordance with the law and the Opinion and Award in this case.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the injury giving rise to this claim, plaintiff was fifty-two years old. She is a high school graduate. Plaintiff worked as a sewing machine operator with Barcalounger from 1971-1992. Plaintiff's normal job duties included making arm and chair covers, which involved working with various types of fabric, the heaviest of which was leather.
2. On June 11, 1992, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer. Plaintiff was lifting a bundle of leather fabric which was unusually heavy, when she felt like something "snapped loose" in her neck, and three of her fingers went numb. As the result of this incident, plaintiff sustained a herniated disk at C6-7. She reported this incident to her supervisor, Jeanette Adams, and to Carolyn Schunck, the company nurse.
3. Plaintiff attempted to continue her sewing duties which entailed pushing and pulling fabric through a sewing machine, but the pain in her left arm and shoulder was so severe that she was unable to perform her job as usual. Plaintiff reported for work the following Monday and Tuesday, but performed her job duties at less than normal production rates due to the pain she was experiencing.
4. On June 17, 1992, the plaintiff was seen by her family doctor, Dr. Martin Hood, a general internist, who administered an injection, ordered X-rays and an MRI. Dr. Hood then referred plaintiff to Dr. Nelson Macedo, a neurosurgeon.
5. On July 28, 1992, Dr. Macedo and Dr. E. O. Marsigli, an orthopedic surgeon, performed a cervical fusion involving a graft of the left hip bone. Following the surgery, plaintiff had a stress fracture of the donor site, the anterior portion on the left hip area.
6. Since the pain in plaintiff's left arm and shoulder failed to improve after the first surgery, on December 1, 1992, Dr. Macedo performed double fusion surgery at C5-6 and C6-7 levels.
7. As of September 14, 1993, plaintiff was released to return to work with restrictions including a sitting tolerance of 4-5 hours for 50-60 minute duration; standing for 1-2 hours for 15 minute duration; walking 3-4 hours occasionally for moderate distances; bending and climbing stairs on an occasional basis. Defendant-employer offered plaintiff no work which was suitable to these restrictions. Defendant-employer terminated plaintiff's employment on October 15, 1993. Plaintiff has not worked in any employment since June 17, 1993.
8. Plaintiff continued to experience pain at the graft site on her left hip when she walked, as well as weakness and numbness in her left leg. As a result of the condition of her left hip and leg, on October 23, 1993 while at church, plaintiff's left hip gave out, and she fell, suffering a fracture of the left wrist and left ankle. She was treated by Dr. A. Tyson Jennette in the emergency room of Wilson Memorial Hospital. The fall and subsequent injuries were the direct and natural result of the compensable incident on June 11, 1992.
9. Plaintiff continues to suffer ongoing residual left hip, left arm, wrist and neck pain and must control her pain with medication. She requires assistance in dressing and driving and has difficulty walking.
10. Plaintiff had preexisting cervical spondylosis, which may have been caused by age or the use of her neck for repetitive movements in her job with defendant-employer. The compensable incident on June 11, 1992, materially aggravated this preexisting but previously asymptomatic degenerative cervical disk disease.
11. Plaintiff received short-term disability benefits for thirteen weeks, which was a non-contributory benefit provided by defendant-employer. Plaintiff received $80.00 per week, for a total amount of disability benefits of $1,040.00.
12. As the result of the compensable accident on June 11, 1992, plaintiff was unable to return to her regular job as a sewing machine operator from June 18, 1992 through February 14, 1994. During that period defendant-employer did not offer plaintiff any work which was within her capacity to earn wages, nor did defendant-employer provide any vocational rehabilitation assistance to plaintiff in order to retrain her for suitable work.
13. As of February 15, 1994 and as a result of plaintiff's compensable injury by accident on June 11, 1992 and her resulting chronic pain, her current physical limitations, the need for continued medication for control of pain, her age, education level, and over 20 years work experience limited to manual labor, plaintiff is and remains totally and permanently incapable of earning wages in her employment with defendant-employer or in any other employment.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer on June 11, 1992, in that plaintiff sustained a specific traumatic incident of the work assigned. N.C. Gen. Stat. § 97-2(6).
2. As a result of the compensable injury by accident, plaintiff was disabled from work and is entitled to receive compensation for temporary total disability at the rate of $260.97 per week from June 18, 1992 until February 14, 1994. N.C. Gen. Stat. § 97-29.
3. As a result of plaintiff's compensable injury by accident on June 11, 1992 and her resulting chronic pain, her current physical limitations, her age, the need for continued medication for control of pain, education level, and over 20 years work experience limited to manual labor, plaintiff is totally and permanently disabled and is entitled to receive compensation at the rate of $260.97 per week beginning February 15, 1994, for the remainder of her life or until defendant-employer obtains permission from the Industrial Commission to cease payment of total and permanent disability compensation, whichever first occurs. N.C. Gen. Stat. § 97-29.
4. Plaintiff is entitled to have all medical compensation provided by defendant-employer as a result of her compensable injury on June 11, 1992, for so long as such examinations, evaluations, and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-2(19); N.C. Gen. Stat. §97-25; N.C. Gen. Stat. § 97-29.
5. Defendant-employer is entitled to a credit for the short-term disability payments made to plaintiff. N.C. Gen. Stat. § 97-42.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant-employer shall pay plaintiff temporary total disability compensation at the rate of $260.97 per week from June 18, 1992 through February 14, 1994. This amount has accrued and shall be paid to plaintiff in a lump sum, subject to the attorney's fee approved below.
2. Defendant-employer shall pay plaintiff permanent and total disability compensation at the rate of $260.97 per week beginning February 15, 1994, for the remainder of plaintiff's life or until defendant-employer obtains permission from the Industrial Commission to cease payment of compensation, whichever first occurs. Amounts which have accrued shall be paid to plaintiff in a lump sum, subject to the attorney's fee approved below.
3. A credit for the amount paid by defendant-employer for short-term disability benefits shall be deducted from the compensation awarded in Paragraphs 1 and 2.
4. Defendant-employer shall provide all medical compensation for expenses incurred or to be incurred by plaintiff as a result of her compensable injury on June 11, 1992, for so long as such examinations, evaluations, and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's period of disability, when bills for the same have been submitted to defendant-employer.
5. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff under Paragraphs 1 and 2 of this AWARD is approved for plaintiff's counsel and shall be paid as follows: twenty-five percent of the lump sum due plaintiff shall be deducted from that sum and paid directly to plaintiff's counsel. Thereafter, every fourth compensation check shall be deducted from the sum due plaintiff and paid directly to plaintiff's counsel. Consideration and designation of this attorney's fee contemplates that counsel for plaintiff shall continue and is hereby ORDERED to monitor the submission of medical expenses to defendant-employer.
5. Defendant-employer shall pay the costs due this Commission.
 S/ ______________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _____________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _____________________ THOMAS J. BOLCH COMMISSIONER